UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT J. BJERKE
PLAINTIFF

V.

THE CITY OF WARWICK
DEFENDANT

V.

ERNEST ZMYSLINSKI
THE FINANCE DIRECTOR
OF THE CITY OF WARWICK
DEFENDANT

V.

STEPHEN McCARTNEY
THE CHIEF OF POLICE
OF THE CITY OF WARWICK
DEFENDANT

C.A. NO.

CA 04 356 T

**PARTIES**

(1) Plaintiff, Robert J. Bjerke, is a resident of the City of West Warwick, County of Kent, State of Rhode Island.

(2) Defendant, the City of Warwick, is a municipal corporation organized under the laws of the State of Rhode Island.

(3) Defendant, Ernest Zmyslinski, is the Finance Director of the City of Warwick and is being sued only in that office's official capacity.

(4) Defendant, Stephen M. McCartney, is the Chief of Police of the City of Warwick and is being sued only in that office's capacity as well as in his personal capacity.

## LEGAL BASES

(5) This action arises under the United States Constitution, particularly under the Fourth, Sixth and Fourteenth amendments and the Civil Rights Act Title 42, Section 1983 as well as under the common and statutory laws of the State of Rhode Island.

## JURISDICTION

(6) The Court has jurisdiction of this case pursuant to Title 42, section 1343 of the United States Code and Section 1331's ancillary jurisdiction.

## FACTS

(7) Each of the acts of the Defendants alleged in this Complaint were done by Defendants under the color and pretense of the statutes, ordinances, regulations, customs, usages, and policies, practices, regulations, (including, but not limited to, the training and supervision of subordinate officers) of the State of Rhode Island and City of Warwick, particularly its police department, and under their authority as police and correctional officers.

(8) On 21 August 2001 at 12:44 in the afternoon, Plaintiff, Robert J. Bjerke, was involved in an automobile accident in the City of Warwick.

(9) The Warwick Police Department responded to the scene and, as a result of its investigation, took Plaintiff, Robert J. Bjerke, into custody and leveled a civil charge of refusing to submit to a chemical test.

(10) The Warwick Police Department in the normal course ran an NCIC search with Plaintiff, Robert J. Bjerke's, name and other gross physical describers, and received a "hit" that there was a warrant outstanding from the State of Florida.

(11) The Warwick Police ignored the fact that the fugitive, described by fingerprint classification, had ten fingers and Plaintiff, Robert J. Bjerke, had seven.

(12) In addition, the photograph of the Florida fugitive sent from Florida to the Warwick Police Department did not match Plaintiff, Robert J. Bjerke, nor did the address or social security number.

(13) The Warwick Police charged Plaintiff, Robert J. Bjerke, as a fugitive from justice and presented him before the Third Division of the District Court of the State of Rhode Island on 22 August 2001 on that charge.

(14) Defendants, the City of Warwick and Steven McCartney, knew or should have known that Plaintiff, Robert J. Bjerke, was not a fugitive from justice on 21 August 2001 and thereafter.

(15) Nonetheless, Defendants, the City of Warwick and Steven McCartney, moved successfully to have Plaintiff, Robert J. Bjerke, held without bail at the 22 August 2001 arraignment having already held him overnight.

(16) Plaintiff, Robert J. Bjerke, was held without probable cause and falsely imprisoned at the Adult Correctional Institution until the Defendants, the City of Warwick and Steven McCartney, dismissed the fugitive complaint at the 30 August 2001 status conference set by the District Court at the arraignment.

(17) Defendants, the City of Warwick and Steven McCartney, acted in reckless disregard of the fact that they had the wrong man and with a high degree of awareness that they had the wrong man and, in so doing, caused Plaintiff, Robert J. Bjerke to be held.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS**
**AGAINST THE CITY OF WARWICK**

(18) Plaintiff, Robert J. Bjerke, incorporates by reference all allegations made elsewhere in this complaint.

WHEREFORE, Plaintiff, Robert J. Bjerke, demands judgment enter for two hundred fifty thousand dollars ($250,000.00) plus interest, plus costs, plus attorney's fees against the City of Warwick.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS**
**AGAINST STEPHEN McCARTNEY**

(19) Plaintiff, Robert J. Bjerke, incorporates by reference all allegations made elsewhere in this complaint.

WHEREFORE, Plaintiff, Robert J. Bjerke, demands judgment enter for two hundred fifty thousand dollars ($250,000.00) plus interest, plus costs, plus attorney's fees against Stephen McCartney.

**COUNT III**
**FALSE IMPRISONMENT AS TO**
**CITY OF WARWICK**

(20) Plaintiff, Robert J. Bjerke, incorporates by reference all allegations made elsewhere in this complaint.

(21) Defendant, City of Warwick, intended to have Plaintiff, Robert J. Bjerke, imprisoned.

(22) Plaintiff, Robert J. Bjerke, was conscious of his confinement.

(23) Plaintiff, Robert J. Bjerke, did not consent to his confinement.

(24) Plaintiff, Robert J. Bjerke, was imprisoned without legal justification.

WHEREFORE, Plaintiff, Robert J. Bjerke, demands judgment enter for two hundred fifty thousand dollars ($250,000.00) plus interest, plus costs, plus attorney's fees against the City of Warwick.

**COUNT IV**
**FALSE IMPRISONMENT AS TO**
**STEPHEN McCARTNEY**

(25) Plaintiff, Robert J. Bjerke, incorporates by reference all allegations made elsewhere in this complaint.

(26) Defendant, Stephen McCartney, intended to have Plaintiff, Robert J. Bjerke, imprisoned.

(27) Plaintiff, Robert J. Bjerke, was conscious of his confinement.

(28) Plaintiff, Robert J. Bjerke, did not consent to his confinement.

(29) Plaintiff, Robert J. Bjerke, was imprisoned without legal justification.

WHEREFORE, Plaintiff, Robert J. Bjerke, demands judgment enter for two hundred fifty thousand dollars ($250,000.00) plus interest, plus costs, plus attorney's fees against Stephen McCartney.

**COUNT V**
**NEGLIGENCE AS TO**
**THE CITY OF WARWICK**

(30) Plaintiff, Robert J. Bjerke, incorporates by reference all allegations made

elsewhere in this complaint.

(31) Defendant, City of Warwick, had a duty to use reasonable care in identifying those persons it committed to imprisonment.

(32) Defendant, City of Warwick, breached this duty by identifying Robert J. Bjerke as a fugitive before committing him.

(33) As a result of this breach, Plaintiff, Robert J. Bjerke, was illegally imprisoned.

WHEREFORE, Plaintiff, Robert J. Bjerke, demands judgment enter for two hundred fifty thousand dollars ($250,000.00) plus interest, plus costs, plus attorney's fees against the City of Warwick.

**COUNT VI**
**NEGLIGENCE AS TO**
**STEPHEN McCARTNEY**

(34) Plaintiff, Robert J. Bjerke, incorporates by reference all allegations made elsewhere in this complaint.

(35) Defendant, Stephen McCartney, had a duty to use reasonable care in identifying those persons it committed to imprisonment.

(36) Defendant, Stephen McCartney, breached this duty by identifying Robert J. Bjerke as a fugitive before committing him.

(37) As a result of this breach, Plaintiff, Robert J. Bjerke, was illegally imprisoned.

WHEREFORE, Plaintiff, Robert J. Bjerke, demands judgment enter for two hundred fifty thousand dollars ($250,000.00) plus interest, plus costs, plus attorney's fees against the Stephen McCartney.

**COUNT VII**
**NEGLIGENCE AS TO**
**HIRING, TRAINING, AND RETENTION**
**AGAINST THE CITY OF WARWICK**

(38) Plaintiff, Robert J. Bjerke, incorporates by reference all allegations made elsewhere in this complaint.

(39) Defendant, City of Warwick, had a duty to use reasonable care in hiring, supervision, training, assignment and retention of its employees.

(40) Defendant, City of Warwick, breached this duty by failing to train, supervise, retain and assign employees in the identification of suspects and their obligation to assure only properly identified suspects are held.

WHEREFORE, Plaintiff, Robert J. Bjerke, demands judgment enter for two hundred fifty thousand dollars ($250,000.00) plus interest, plus costs, plus attorney's fees against the City of Warwick.

**COUNT VIII**
**NEGLIGENCE AS TO**
**HIRING, TRAINING, AND RETENTION**
**AGAINST STEPHEN McCARTNEY**

(41) Plaintiff, Robert J. Bjerke, incorporates by reference all allegations made elsewhere in this complaint.

(42) Defendant, Stephen McCartney, had a duty to use reasonable care in hiring, supervision, training, assignment and retention of its employees.

(43) Defendant, Stephen McCartney, breached this duty by failing to train, supervise, retain and assign employees in the identification of suspects and their obligation

to assure only properly identified suspects are held.

WHEREFORE, Plaintiff, Robert J. Bjerke, demands judgment enter for two hundred fifty thousand dollars ($250,000.00) plus interest, plus costs, plus attorney's fees against Stephen McCartney.

Plaintiff, Robert J. Bjerke, demands trial by jury.

Respectfully submitted,
Plaintiff, Robert J. Bjerke
By his Attorneys:

Merlyn P. O'Keefe, Esquire
PACKER & O'KEEFE
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

19 Aug 2004